# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                           **CRIMINAL ACTION NO.: 3:12-CR-58-3**
                                   **(JUDGE GROH)**

**ERIC LAMONTE DAVIS**,

    Defendant.

## ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE

Pending before this Court is the *pro se* defendant's Motion for Modification of Sentence. ECF 383. In this motion, the defendant seeks the benefit of a 2014 revision of the Drug Quantity Table of § 2D1.1 provided by Sentencing Guidelines Amendment 782. Pursuant to Amendment 782, the base offense level for most drug trafficking offenses was reduced by two levels, effective November 1, 2014. The United States Sentencing Commission unanimously voted to apply Amendment 782 retroactively; however, subject to USSG § 1B1.10(c)(e)(1), "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."[1]

18 U.S.C. § 3582(c)(2) provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has

---

[1] This Court notes November 1, 2015, is a Sunday; accordingly, this Court's Order takes effect November 2, 2015.

1

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. See United States v. Dunphy, 551 F.3d 247 (4th Cir.), cert. denied, 129 S. Ct. 2401 (2009); Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding involving the reduction of sentence under 18 U.S.C. § 3582(c)).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [782], and all other guideline decisions will remain unaffected." United States v. Gilliam, 513 F. Supp. 2d 594, 597 (W.D. Va. 2007), citing USSG § 1B1.10. See Dillon v. United States, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.").

In addition, in determining whether to grant the sentence reduction, this Court has considered the factors set forth in 18 U.S.C. § 3553(a) to determine (1) whether a reduction in sentence is warranted; and (2) the extent of such reduction, but only within the limits described in USSG § 1B1.10(b).

In this case, the defendant pled guilty to possession with intent to deliver cocaine base. This Court found a base offense level of 26, minus three levels for acceptance of

2

responsibility, resulting in a total guideline level of 23.  With a Criminal History Category of VI, the guidelines provided for a range of 92-115 months. The Court imposed a sentence of 92 months.

Here, using the 2014 guidelines found at USSG § 2D1.1, this Court will apply a base offense level of 24, minus three levels for acceptance of responsibility, resulting in a total guideline level of 31.  With a Criminal History Category of VI, the guidelines provide for a range of 77-96 months.

The Guideline Amendments require this Court to consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining (1) whether a reduction in sentence is warranted; and (2) the extent of such reduction, but only within the limits described in USSG § 1B1.10(b).

In this case, the defendant is an exceedingly dangerous individual.  Upon seeing officers with the Eastern Panhandle Drug & Violent Crimes Task Force conducting surveillance following a transaction made with a confidential informant ("CI"), the defendant ordered the CI to strip off his clothing and threatened to shoot him if he was working with the task force.  Given the seriousness of the offense in question and the defendant's criminal history, this Court declines to reduce the defendant's sentence, even though permissible under the Guideline Amendments.

For the reasons stated above, the Court **DENIES** the defendant a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and the USPO and to mail a copy to the defendant.

**DATED:** March 11, 2015

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE